IN RE VALUATION AND EQUALIZATION OF REAL AND PERSONAL PROPERTY IN THE STATE OF NEBRASKA FOR 1979.
BANNER COUNTY, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
295 N. W. 2d 682

Filed July 15, 1980. No. 42916.

Robert G. Simmons, Jr., County Attorney, Wright & Simmons, and Peters & Chunka, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Banner County, Nebraska, has appealed from an order of the State Board of Equalization and Assessment (State Board) increasing the assessed value of real property in Banner County. The State Board ordered an increase in valuation in Banner County of all property other than farmland by 200 percent, of irrigated farmland by 23 percent, of dryland farms by 62 percent, and of range and meadowland by 10 percent. The county sets forth 17 assignments of error, many of which overlap, and most of them have been determined by this court in *Box Butte County v. State Board of Equalization & Assessment, ante* p. 696, 295 N.W.2d 670 (1980). Those errors not discussed in that case will be dealt with here. For the reasons to follow, the order of the board as it affects Banner County will be affirmed.

Banner County assigns as error that the board used a different method of valuation of property in Banner than in any other county. One of the specific findings of the board, as set forth in its findings and order, is as follows:

6(b) In Banner County, there were no sales by which a sales assessment ratio could be computed. Thus, bench mark appraisals conducted by the Department of Revenue were used to determine the sales assessment ratio for that county. This method provides an accurate sales assessment ratio for Banner County.

Banner County is a rural county at the west edge of Nebraska with only one town, the unincorporated village of Harrisburg. There are approximately 20 houses in Harrisburg and between 250 and 300 houses on farms and ranches throughout the county. Harrisburg is 4 miles west of State Highway 71, has no municipal services such as sewer or water systems, and the nearest railroads are in Kimball and Gering, Nebraska.

The board found that there were no sales by which an assessment/sales ratio could be computed for Banner County, and so the Nebraska Department of Revenue sent in a staff to do benchmark appraisals from which to compute an assessment/sales ratio. This is a method of selecting at random properties within the subject county and comparing them with other similar properties that have been sold in that county, or if no sales have been had, then comparing them with sales in a surrounding county having a comparable community and property. This will establish a level of value which, in turn, will establish a level of assessment.

Two houses were selected in Harrisburg and compared to one house in Dix, Nebraska, and one house in Bushnell, Nebraska. Both towns are in Kimball County, are on U.S. Highway 30, are on the Union Pacific Railroad mainline, and are adjacent to Interstate 80. Both towns also have municipal sewer and water systems. No location adjustment was made when valuing the Harrisburg houses. The Department of Revenue staff gave as its opinion that an adjustment was not necessary, because they spoke to people in Kimball County who felt that the lack of municipal sewer and water systems was insignificant, especially since Harrisburg was closer to Scottsbluff and away from the Interstate.

The appraisal manager for the property tax division of the Department of Revenue testified that he supervised the staff who did the benchmark apprais-

als and that they were trained by the department. The staff appraisers used the information which the county assessor had already obtained concerning the interior of the properties and placed on the property record card. The appraisals were performed under the cost approach and market approach, using the Marshall Valuation Service Manual, a nationally recognized manual. Adjustments for economic and location factors were made when the staff felt the adjustment was warranted. There was further testimony that an appraisal requires a great deal of judgment on the part of the appraiser, since an appraisal is an opinion of value.

Had we been seeking to value these properties ourselves, we may very well have used outside appraisers, visited with more people in all communities to aid in establishing the validity of our "comparables," or made location adjustments, none of which was done in this case. However, the State Board is a factfinding body and is vested with a wide latitude of judgment and discretion.

> Perhaps, this court sitting as a super board of equalization would have evaluated the evidence differently and made some adjustments, but we may not, as was said in Laflin v. State Board of Equalization & Assessment, *supra* [156 Neb. 427, 56 N.W.2d 469 (1953)], sit as a super board of equalization and pass upon the merits of the evidence.

*Carpenter v. State Board of Equalization & Assessment,* 178 Neb. 611, 629, 134 N.W.2d 272, 283 (1965).

We have stated that "Where the record of the proceedings before the State Board of Equalization and Assessment contains no evidence to justify an order, the action must be held to be unreasonable or arbitrary." *County of Sioux v. State Board of Equalization & Assessment,* 185 Neb. 741, 747, 178 N.W.2d 754, 758 (1970). It follows that where the record does contain some evidence to justify an order, then it

will not be considered to be arbitrary and capricious. We cannot second-guess the judgment of the State Board, which found sufficient evidence offered by the Department of Revenue that an adjustment for location in the Banner County benchmarks was not necessary in the appraisal of those properties.

Banner County assigns as error that the board did not comply with Neb. Rev. Stat. § 77-508.01 (Reissue 1976). That statute states, in pertinent part:

In those counties or jurisdictions where the number of valid or bona fide sales of real estate are not considered sufficient to furnish conclusive evidence as to the ratio of assessed values to sales values, the Tax Commissioner shall have authority to conduct and use an appraisal to determine sales assessment ratio. In addition to the authority to conduct and use an appraisal in any ratio determination, the Tax Commissioner shall have authority to employ transfers of comparable real estate in surrounding counties as indicators of value in the sales assessment ratio. When an appraisal does not reflect current values to use in such ratio computation, the Tax Commissioner shall have the necessary appraisals conducted by qualified appraisers, and such appraisals shall be used in the ratio computation. The Tax Commissioner may use any other relevant matter in considering intercounty equalization.

It is the position of Banner County that, where there are insufficient sales to furnish evidence of value, the board is required to use qualified appraisers to make an appraisal of the subject properties. According to the appellant, this applies to all agricultural lands in the state and to all urban property in Banner County.

The statute authorizes the Tax Commissioner to

conduct an appraisal to determine an assessment/sales ratio, and also to employ transfers of comparable real estate in surrounding counties as indicators of value in the assessment/sales ratio, i.e., benchmark indicators. It is only when these appraisals do not reflect current values that the statute requires that the Tax Commissioner "shall have the necessary appraisals conducted by qualified appraisers." It was the position of the Department of Revenue staff that the benchmark appraisals were an accurate indication of actual value in Banner County. Any further appraisal was not required.

The statute further authorizes the Tax Commissioner to use *any other relevant matter* in considering intercounty equalization. The use of the Land Valuation Manual certainly comes within the definition of "other relevant matter." The Tax Commissioner is not limited to the use of one method of valuing property. "It is possible, and probably necessary, to use different methods for some of the counties, but the record must show the correlation between the various methods used in the attempt to achieve a reasonable degree of uniformity." *County of Sioux, supra* at 747, 178 N.W.2d at 758. The question of correlation is dealt with in *Box Butte County v. State Board of Equalization and Assessment, supra.*

The remaining assignments of error, relating to the use of hearsay evidence in achieving equalization, the claimed unintelligibility of the State Board's order, and the omission of the State Board's seal from its order, require no comment.

The order of the State Board of Equalization and Assessment in raising the valuations of the various classes of property in Banner County, as previously set forth herein, is affirmed.

AFFIRMED.