REQUESTED BY: Senator James E. Pappas Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Pappas:
In your letter of November 18, 1983, you ask whether new legislation, or amendatory legislation, is needed to correct what you apparently perceive as a lack of uniformity of assessment between urban and agricultural real property. We cannot answer your question as to the need for legislation, but can only give you a general background as to equalization of assessments of property.
Article VIII, Section 1, of the Nebraska Constitution requires that taxes shall be levied by valuation uniformly and proportionately upon all tangible property.
This means that, theoretically, at least, the assessment of all real estate must be uniform, regardless of class. InCounty of Gage v. State Board of Equalization Assessment,185 Neb. 749, 178 N.W.2d 759 (1970), the court said:
 Many witnesses seem to assume that real property taxes may be equalized if property is classified, and the same values applied to the same classification of property in all counties. The Constitution itself flatly contradicts such a conclusion. Art. VIII, § 1, Constitution of Nebraska.
Not only is all real property required to be assessed uniformly, but it is required to be assessed uniformly with taxable personal property. In Grainger Brothers Co. v.Board of Equalization, 180 Neb. 571, 144 N.W.2d 161 (1966), the court said:
 Under the Constitution of Nebraska, Article VIII, section 1, business inventories and real estate are in the same class for taxation purposes, and properties within the same class are required to be valued and assessed uniformly and proportionately in order that equalization obtain.
While uniformity of assessment is constitutionally required, uniformity in the method of determining actual value is not. In Banner County v. State Board of Equalization Assessment, 206 Neb. 715, 295 N.W.2d 682 (1980), we find:
 The statute further authorizes the Tax Commissioner to use any other relevant matter in considering intercounty equalization. The use of the Land Valuation Manual certainly comes within the definition of `other relevant matter.' The Tax Commissioner is not limited to the use of one method of valuing property. `It is possible, and probably necessary, to use different methods for some of the counties, but the record must show the correlation between the various methods used in the attempt to achieve a reasonable degree of uniformity.' County of Sioux, supra at 747, 178 N.W.2d at 758. The question of correlation is dealt with in Box Butte County v. State Board of Equalization and Assessment, supra.
You ask whether the Tax Commissioner needs `to have the Board equalize assessments fairly in order to equalize taxation among the class.' While the Tax Commissioner is a member of the State Board of Equalization and Assessment, that board is clearly not subject to his control. Whether it has equalized fairly is a factual question, subject to review by the Supreme Court, not by the Tax Commissioner.
You also ask whether the state board, `through its non action' is allowing improper taxation. This is purely a factual question, subject to dispute by the contending factions, and is not something that we can answer.
You also ask whether persons, counties, or municipalities which have appealed to the state board have standing to appeal the equalization that has not been achieved throughout the county. We assume you are not talking about any current appeals, but as to rights in the future.
Neb.Rev.Stat. § 77-510 (Reissue 1981) gives any person, county, or municipality affected by a final decision of the State Board of Equalization and Assessment authority to appeal to the Supreme Court. Obviously, such persons or entities have authority to appear before the State Board of Equalization and Assessment and present evidence to support their contentions. However, we point out that the function of the State Board of Equalization and Assessment is primarily to achieve intercounty equalization, not intracounty equalization. It can, and does, however, sometimes apply different rates of increase or decrease to various classes of taxable property in a particular county. Its goal in this, however, is to achieve intercounty rather than intracounty, equalization.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General